UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS MARSHALL JACKSON,
FDOC #823916,
    Plaintiff,

vs.                              Case No.:  3:25cv2180/LAC/ZCB

FLORIDA DEPARTMENT OF
CORRECTIONS,
    Defendant.
                                      /

## REPORT AND RECOMMENDATION

Plaintiff is an inmate of the Florida Department of Corrections (FDOC). He filed a *pro se* civil rights complaint titled, "Emergency Imminent Danger!!!" on October 13, 2025. (Doc. 1).

The Court reviewed Plaintiff's litigation history and determined he is a three-striker. This means he was required to pay the filing fee upon initiating this suit, or he must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Plaintiff is a three-striker, did not pay the filing fee, and does not qualify under the imminent danger exception, this case should be dismissed.

I. Discussion

Under the three strikes provision, a prisoner cannot proceed *in forma pauperis* (IFP) in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is ineligible to proceed IFP must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that when the district court determines that the prisoner is ineligible to proceed IFP pursuant to § 1915(g), the proper procedure is for the district court to dismiss the complaint without prejudice. *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by simply paying the filing fee at a later time because the filing fee is due at the time the prisoner *initiated* the suit. *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating

2

that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

The Court has reviewed Plaintiff's litigation history as disclosed on the federal courts' Public Access To Court Electronic Records (PACER) database.[1] That review has revealed that Plaintiff (while a prisoner) previously filed at least three actions or appeals in federal courts that were dismissed as frivolous, malicious, or for failure to state a claim. More specifically:

- *Jackson v. Inch*, 3:21cv132-MCR-HTC (N.D. Fla. Mar. 29, 2021) (dismissing Plaintiff's complaint as frivolous, malicious, and for failing to state a claim);

- *Jackson v. Fla. Dep't of Corr., et al.*, 3:20cv5882-LC-HTC (N.D. Fla. Dec. 29, 2020) (dismissing Plaintiff's complaint as frivolous, malicious, and for failing to state a claim); and

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

- *Jackson v. Bush, et al.*, 3:06cv133-MCR-EMT (N.D. Fla. Aug. 9, 2006) (dismissing Plaintiff's complaint for failure to state a claim under 28 § 1915(b)(ii)[2]).[3]

Because Plaintiff had at least three strikes when he commenced this case, he cannot proceed IFP and should have paid the filing fee at the time of filing. He failed to do so.

The only remaining question is whether Plaintiff's factual allegations support a finding that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply. The answer to that question is no. Here are the reasons why.

The § 1915(g) exception requires the complaint, as a whole, to allege imminent danger of serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The exception requires a showing of "specific, credible allegations of imminent-danger of serious physical harm." *Chestnut v. Leavins*, No. 3:21cv827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up), *adopted by* 2021 WL 3132724 (N.D.

---

[2] A dismissal for failure to exhaust administrative remedies counts as a strike where the failure to exhaust appears on the face of the complaint. *Wells v. Brown*, 58 F.4th 1347, 1356-57 (11th Cir. 2023).

[3] Plaintiff identified himself with FDOC inmate #823916 in his pleadings in all of these cases.

Fla. Jully 24, 2021). A complaint must include "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009).

Additionally, the plaintiff must be in such imminent danger of serious physical injury at the time he files the lawsuit—not at the time of the alleged incident that gave rise to the complaint. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that because the threat of imminent danger to the inmate "ceased prior to the filing of his [c]omplaint," he did not qualify for the 1915(g) imminent danger exception); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Here, Plaintiff's allegations do not indicate he was in imminent danger of serious physical injury when he filed this lawsuit in October 2025. His allegation of being attacked by other inmates at Hardee C.I. in August 2025 does not show imminent danger because Plaintiff was transferred from that institution in September 2025 and remains housed at his new institution. Plaintiff's remaining allegations concern

5

confiscation of his personal property and lack of access to certain law library services at his current institution. But he does not allege any of those conditions pose a threat to his physical safety, nor do those conditions suggest a threat of impending physical harm. For these reasons, Plaintiff does not qualify for the imminent danger exception to the three-strikes bar.

## II.   Conclusion

Plaintiff is a three-striker. He did not pay the filing fee when he filed his complaint. And he has not satisfied the "imminent danger" exception under § 1915(g). For these reasons, dismissal of the complaint without prejudice is appropriate.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee.

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 10th day of November 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.